IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| VALERIE WILKINS, | ) | |
| Plaintiff, | ) | |
| v. | ) | CV 117-014 |
| LORETTA E. LYNCH, Attorney General of the United States, | ) | |
| Defendant. | ) | |

**ORDER**

Plaintiff filed the above-captioned Title VII employment discrimination case in the Augusta Division of the Southern District of Georgia. While Plaintiff is a resident of Augusta, Georgia, her complaint details events that allegedly occurred at her place of employment in Edgefield, South Carolina. (See doc. no. 1, p. 5.) Accordingly, the proper venue for this action is in the District of South Carolina, not the Southern District of Georgia. 42 U.S.C. § 2000e-5(f)(3).

Title VII actions "may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice . . . ." 42 U.S.C. § 2000e-5(f)(3); see also Pinson v. Rumsfeld, 192 F. App'x 811, 817 (11th Cir. 2006) (*per curiam*) ("The venue provisions of §

1

2000e-5(f)(3) were intended to be the exclusive venue provisions for Title VII employment discrimination actions . . . .").

Plaintiff identifies Edgefield, South Carolina, as the place where the alleged unlawful employment practices occurred and where she would have worked but for the alleged unlawful employment practice. (Doc. no. 1, p. 5.) Also, it is apparent from the attached documentation that Plaintiff's employment records are located in Edgefield, South Carolina. (See generally, doc. no. 1-1.) Thus, based on the information in the complaint, the Court determines that the District of South Carolina is the proper venue for Plaintiff's Title VII claims.

In the interest of justice, instead of dismissing this action, the Court may transfer the case to the court in which venue would be proper. 28 U.S.C. § 1406(a). Because it appears that the case should have been filed in the District of South Carolina, transfer to that district is appropriate.

Therefore, it is **HEREBY ORDERED** that the above-captioned case is **TRANSFERRED** to the United States District Court for the District of South Carolina, for further consideration. The Clerk of Court is **DIRECTED** to forward the file to that district.

SO ORDERED this ____ day of February, 2017, at Augusta, Georgia.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

2